[No. 3965–II.   Division Two.   April 30, 1980.]

THE STATE OF WASHINGTON *on Behalf of* TACOMA SCHOOL DISTRICT NO. 10, *Appellant,* v. UNITED PACIFIC INSURANCE COMPANY, *Respondent.*

*Slade Gorton, Attorney General,* and *James R. Tuttle, Assistant,* for appellant.

*Murray J. Anderson,* for respondent.

REED, C.J.—Plaintiff State of Washington on behalf of Tacoma School District No. 10 (School District) and defendant United Pacific Insurance Company (United Pacific) both challenge the trial court's judgment finding United Pacific to be liable in the amount of $5,000 on its surety bond. We remand for entry of judgment for the full amount of the bond—$10,000.

In 1966, Charles Chapman, an employee of the School District, was charged with first–degree forgery. The charge arose out of a nonwork–related incident. When the School District was informed of the charges, Mr. Chapman was temporarily suspended. Within a few days, it was decided that Mr. Chapman should be reinstated on the condition that restitution be made and that he seek psychiatric treatment. Mr. Chapman fulfilled both requirements. The criminal charges were also dismissed.

In May of 1973, the School District applied for a blanket surety bond with United Pacific. The application form was signed and dated by the district's secretary and business manager; however, none of the information requested in the form was supplied. Item 6 asked the applicant to list "[l]osses of a nature which would have been covered by the bond applied for (past 5 years)." No other information concerning any acts of malfeasance by employees of the applicant School District was requested. The application was accepted by United Pacific and a policy for $10,000 supplied to the School District.

When an investigation by the state Auditor disclosed that Chapman had been falsifying payroll warrants and cashing them for his own use, demand was made upon United Pacific pursuant to the terms of the surety bond. The amount of the demand was over $10,000. United Pacific refused to honor the demand and this action followed.

Trial was held in February 1979. The trial court found that under the terms of the bond, United Pacific would be required to indemnify the School District up to the $10,000 limit. The court further ruled that such liability was limited to $5,000 because the School District, by giving Mr. Chapman access to payroll warrants, failed to exercise good judgment and "contributed to their own loss by 50 percent." Both parties appeal.

The School District's appeal raises two important questions: (1) must an employer who is applying for an "honesty bond" disclose information concerning past misconduct of an employee, absent a request for such information, and (2) is negligence on the part of an employer a defense to an action on an indemnity bond? The School District also challenges the trial court's refusal to award prejudgment interest. We shall address these problems in order.

Jurisdictions split on the question of whether the failure

to disclose information concerning an employee's previous defalcations not requested in an insurance application *per se* amounts to fraud, thereby relieving the insurer of liability under the bond. *See generally* Annot., 4 A.L.R.3d 1197 (1965); 74 Am. Jur. 2d *Suretyship* § 128, p. 92 (1974). The policy considerations underlying the two lines of authority are a desire to insure freedom of contract and an unwillingness to place an undue burden on the employer/applicant *versus* a belief that an employer should be estopped from benefiting from his own wrongdoing in not disclosing information known to be relevant. *Compare United States Fidelity & Guar. Co. v. Empire State Bank,* 448 F.2d 360 (8th Cir. 1971) and *Maryland Cas. Co. v. Magoffin County Bd. of Educ.,* 358 S.W.2d 353 (Ky. 1962) (rule of estoppel cited but held to be inapplicable to cases involving government entities).

Although we refuse to adopt an absolute rule, we are satisfied that under the facts of this case the trial court was correct in not relieving United Pacific of its liability under the bond. The bond involved here was a "general" bond, covering all of the employees of the School District; it was not limited strictly to Mr. Chapman. In addition, United Pacific did not request any information concerning the previous nonwork–related defalcations of the School District's employees and did not even require that the application form be completed by the School District. Under the circumstances, we cannot see how United Pacific was misled by the School District's failure to report the 1966 incident. *See Montana Auto Fin. Corp. v. Federal Sur. Co.,* 85 Mont. 149, 278 P. 116 (1929). Our holding in this regard is consistent with the policy behind RCW 48.18.090(1) which provides in relevant part:

> [N]o oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or avoid the contract or prevent it attaching,

*unless the misrepresentation or warranty is made with the intent to deceive.*[1]

(Italics ours.)

If an innocent, but affirmative, misrepresentation in an application for insurance does not act to defeat or prevent the contract, the failure to provide information not requested by the insurer would not vitiate the contract, absent proof that such silence amounts to fraud or bad faith.[2] The trial court's conclusion that United Pacific was obligated under its bond was correct.

■ On the other hand, we find no authority which would permit the use of comparative negligence principles to reduce the amount of recovery owing under an insurance contract. Negligence is no defense to an action on an indemnity bond unless it amounts to fraud or bad faith. 10 J. Appleman, *Insurance Law and Practice* § 6198 (1943). The trial court erred in reducing the judgment by 50 percent on the theory that the School District contributed to its own loss.

■ We also find that the trial court erred in refusing to award the School District prejudgment interest. Prejudgment interest is allowable when the amount claimed is either liquidated or ascertainable on a "fixed standard contained in the contract." *Prier v. Refrigeration Eng'r Co.*, 74 Wn.2d 25, 32, 442 P.2d 621 (1968). The existence of a possible defense to a claim does not change its character. *Seattle v. Dyad Constr. Co.*, 17 Wn. App. 501, 565 P.2d 423 (1977). Here there was no doubt that if liability attached at all, United Pacific would be responsible for the entire

---

[1]RCW 48.11.080(3) defines surety insurance as "[f]idelity insurance, which is insurance guaranteeing the fidelity of persons holding positions of public or private trust."

[2]We are aware of the 1910 case of *Poultry Producers' Union v. Williams*, 58 Wash. 64, 107 P. 1040 (1910), which held that a "reckless" misstatement in an application for surety bond vitiated the contract. That case can be distinguished from the present situation in two respects: (1) it involved a positive misstatement as opposed to the mere failure to volunteer information not requested, and (2) it was decided before the enactment of RCW 48.18.090 and its predecessors.

amount of its policy. Prejudgment interest from the date of the demand should have been awarded. *Erie Trust Co. Bank v. Employers' Liab. Assurance Corp.*, 322 Pa. 132, 185 A. 224 (1936).

On cross appeal, United Pacific presents one additional contention—that the trial court erred in not dismissing this action because it was brought in excess of authority of the attorney general. This is not accurate. RCW 43.09.260 authorizes the state Auditor to examine the financial affairs of every public office and officer. It further authorizes the Attorney General to institute such legal action "as is proper" upon the Auditor's discovery of "malfeasance, misfeasance or nonfeasance." RCW 28A.65.470, which specifically deals with misuse of school district funds, provides that:

> Nothing in this section shall be construed to limit the duty of the attorney general to carry out the provisions of RCW 43.09.260, . . .

We are satisfied that the Attorney General acted within his authority in bringing this action. The trial court properly denied the motion to dismiss.

Case remanded for entry of judgment of $10,000 plus prejudgment interest.

PEARSON and PETRIE, JJ., concur.